**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT L. SCOTT,<br><br>    Petitioner,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | NO. CV 14-7439-ODW(AS)<br><br>**ORDER OF DISMISSAL** |

On September 23, 2013, Petitioner, who is in state custody at the High Desert State Prison in Susanville, California and is proceeding *pro se*, filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" pursuant to 28 U.S.C. § 2254 ("the Petition")(Docket Entry No. 1).

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 cases;

1  see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

3      28 U.S.C. § 2254(a) confers jurisdiction on a district court to issue " a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution of laws or treaties of the United States." 28 U.S.C. § 2254(a).

9      Here, it is undisputed that Petitioner is in state custody serving a state sentence for a state conviction.  However, the Petition does not purport to challenge Petitioner's state conviction or sentence.  Instead, Petitioner appears to be challenging the legality of a federal detainer that was lodged by the United States Marshal on February 12, 2014 based upon the issuance of a warrant for the charge of bank robbery. See Petition at 6; Attachment to Petition; Docket Entry No. 1 at 6, 12).[1] Petitioner requests a trial or dismissal of the charges relating to the *federal* detainer. (Docket Entry No. 1 at 7-8).

20     The Court finds that Petitioner's claim is not cognizable as he does not contend that he is "in custody" in violation of the Constitution or laws or treaties of the United States.  See 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3).  Moreover, the existence of the detainer alone is not sufficient to render petitioner in

---

[1] All citations to filings in this case refer to the pagination provided by the Court's docket.

federal custody for habeas corpus purposes under 28 U.S.C. § 2241(c). See Hopper v. United States Parole Commission, 702 F.2d 842, 848 (9th Cir. 1983)("A warrant is not considered 'executed' where a parolee has been arrested on an independent intervening charge, and a detainer is placed at the institution with custody."); Carter v. Uribe, 2010 WL 234803, *2 (C.D. Cal. Jan. 13, 2010) (dismissing § 2241 petition brought by state prisoner for lack of jurisdiction on basis that federal detainer letter placed by United States Marshal did not place petitioner in federal custody for habeas corpus purposes); Powell v. U.S. Marshal Office, 2009 WL 839999, *4 (E.D.Cal. Mar. 30, 2009) ("The Court has no habeas jurisdiction to entertain a challenge to possible future federal custody that has yet to eventuate.").

As it plainly appears from the Petition that petitioner, at least at this juncture, is not entitled to relief in this Court, the Petition is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This dismissal does not preclude petitioner from challenging the propriety of any future federal custody based upon the complained-of detainer.[2]

///
///
///

---

[2] The Court expresses no opinion as to the merits of any such future petition.

1  For the foregoing reasons, the Petition is denied and
2  dismissed without prejudice.
3
4  LET JUDGMENT BE ENTERED ACCORDINGLY.
5
6  DATED: October 14, 2014.
7
8                                    _____
                                          OTIS W. WRIGHT
9                                    UNITED STATES DISTRICT JUDGE